UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | | |
|---|---|---|
| RAYMOND VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0:20-153-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | **MEMORANDUM OPINION** |
| ACTING COMMISSIONER | ) | **AND ORDER** |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 14, DE 18). The plaintiff, Raymond Vance, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of his claim for Social Security Disability Insurance Benefits ("DIB") and supplemental security income ("SSI"). The Court, having reviewed the record and having considered the arguments raised herein, **denies** the Plaintiff's motion and **affirms** the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1),(4); *see also*

*Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers,* 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five,

however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

In this case, proceeding with step one, the ALJ determined that Raymond Vance ("Vance") did not engage in substantial gainful activity since the amended onset date of April 9, 2019. (Administrative Record ("AR") at 18, ¶ 2).

At step two, the ALJ determined that Vance had the following severe impairments: (1) degenerative disc disease; (2) chronic obstructive pulmonary disease (COPD); (3) hypertension and ischemic heart disease; (4) carpal tunnel syndrome (CTS); (5) major depressive disorder; (6) bipolar disorder; (7) anxiety disorder; (8) panic disorder; (9) asthma; (10) obstructive sleep apnea; and (11) obesity. (*Id.*, ¶ 3)

At step three, the ALJ found that Vance did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id.*, ¶ 4)

Before proceeding to step four, the ALJ determined that Vance had the residual functional capacity (RFC) to perform a broad range of "light" work, *except*:

> frequently finger; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. **He should** [also] **avoid** concentrated exposure to humidity, temperature extremes, and pulmonary irritants; and avoid all exposure to the hazards of moving machinery and unprotected heights. The claimant **can perform** low stress work, defined as no production quotas and no fast-paced work; with little independent judgment required; only occasional decision-making required; and no interaction with the general public.

(AR at 20, ¶ 5) (emphasis added).

Next, the ALJ determined that Vance does not have the RFC to perform the requirements of his past relevant work. (*Id*. at 25, ¶ 6). At step five, the ALJ determined that, considering the RFC and Vance's "age, education, work experience,… there are jobs that exist in significant numbers in the national economy that [Vance] can perform" and, thus, he is "not disabled." (*Id*., ¶¶ 9-10)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Vance's request for review. (*Id*., pp. 1-3); *see* 20 C.F.R. § 422.210(a). Vance has exhausted his administrative remedies and filed a timely appeal in this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The

Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.; see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

In assessing the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.; see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, the Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

Vance argues that the ALJ erred in two ways. First, he argues that the ALJ's RFC failed to account for additional limitations — his back problems — and thus was not supported by substantial evidence. (DE 14 at 2-7). Second, he argues that the ALJ improperly relied on the vocational expert's testimony, whose definition of light work was inconsistent with the Agency's definition. (*Id.*, at 7-8). Both claims have no merit.

As an initial matter, the Court begins with Vance's attack against the ALJ in objecting to the reasonableness of the RFC. RFC is an administrative finding of an individual's ability to perform work-related activities, and establishing the claimant's RFC is a decision reserved for the Commissioner. *See* 20 C.F.R. § 404.1545(a); SSR 96-5p: Titles II and XVI. The Commissioner's assessment is based upon all of the relevant medical evidence and other evidence in the record, including the claimant's testimony. 20 C.F.R. § 404.1545(a)(3).

In the former ALJ's decision, dated April 8, 2019, the ALJ found that Vance had the following seven severe impairments: (1) coronary artery disease; (2) obstructive sleep apnea; (3)COPD; (4) asthma; (5) hypertension; (6) hyperlipidemia; and (7) obesity. (AR at 64, ¶ 3). Vance's RFC was limited to

> occasionally balance[ing] crouch[ing], crawl[ing], stoop[ing], bend[ing], or kneel[ing] and occasionally climb[ing] stairs or ramps. [Further, Vance] could not climb ladders, ropes, or scaffolds. He should not be exposed to unprotected heights, dangerous or moving machinery and machine parts. [Vance] should avoid concentrated exposure to respiratory irritants[,] such as chemicals, dust odors, fumes and gases, extremes of temperature and humidity[,] as well [as] poorly ventilated work areas.

(*Id.* at 67, ¶ 5). As explained above, in the 2020 decision, the ALJ's impairments and RFC differed to some degree. (*See* AR at 18, ¶ 3; AR at 20, ¶ 5). In doing so, the ALJ specifically limited

Vance to low stress work requiring occasional decision making, no interaction with the general public, and little independent judgment. (*See* AR 20). Vance faults the ALJ for not finding Vance more limited from exertional and postural standpoints, since Vance's back problems had worsened after the ALJ's 2019 decision. (DE 14-1 at 4-5). Vance argues that the ALJ should have, at least, limited Vance's ability to bend, sit, stand or walk, and that his RFC should have specifically accounted for limitations due to his degenerative disc disease. (*Id.* at 5-6). Therefore, the Plaintiff contends that the ALJ ignored the Sixth Circuit's ruling in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).

In *Drummond*, the Sixth Circuit held that an ALJ "guided by principles of res judicata is bound by the RFC level determined in a previous claim for the same claimant absent new and material evidence indicating a change in the claimant's condition." *Pass v. Berryhill*, No. 1:17-cv-315, 2019 WL 1440272, at *12 (E.D. Tenn. Mar. 30, 2019) (citing *Drummond*, 126 F.3d at 837). However, as the United States indicates in its Motion (*see* DE 18 at 7), in *Earley v. Commissioner of Social Security*, the Sixth Circuit clarified its position in *Drummond*, explaining that res judicata does not "prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful

of past rulings and the record in prior proceedings." 893 F.3d 929, 931 (6th Cir. 2018). For example, [r]es judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Id*. at 933 (quotation marks omitted) (quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)).

In its 2020 opinion, the ALJ, acknowledging *Drummond*, and in accordance with Acquiescence Ruling 98-4(6), stated that it would not adopt the ALJ's prior findings because "new and material medical evidence of record support new conditions and limitations"; most notably, back problems, hand problems, and mental problems, which the ALJ did account for in his finding. (AR at 24).

Vance makes conclusory assertions that the ALJ ignored or minimized the evidence; however, the ALJ's decision adequately considered Vance's medical history and reported treatments in determining that he has the RFC to perform light work. Specifically, in considering Vance's allegations of back problems, the ALJ addressed an MRI of his low back (lumbar), which depicted a small disc bulge and central disc protrusion and mild joint disease, without stenosis or narrowing (AR 22; *see also* AR 599-600). Vance had been treated extensively with steroid injections for roughly ten months, beginning in May 2019, and engaged in physical therapy for back pain in 2019, but was discharged with no

improvement. (*See* AR 602-10, 711-17, 871-74). Further, examinations generally showed normal gait, muscle tone, sensation, and reflexes, despite some tenderness and limited range of motion on occasion. (AR 22; *see also* AR 727, 759, 768, 779, 787, 792, 796, 800, 804). There was nothing in the record, which indicated that Vance was more limited than a range of light work at the time of the ALJ's 2020 decision. The ALJ appropriately evaluated the relevant factors and diminished Vance's capacity for basic work activities to the extent that his alleged functional limitations and restrictions due to his symptoms can reasonably be accepted as consistent with the objective medical and other evidence. Despite his back pain and problems, the ALJ appropriately found that Vance retained the ability to perform a range of light work that involved only occasionally performing most postural activities, and never climbing ladders, ropes or scaffolds.(AR. 24-25). Vance wholly disregards the 2019 ALJ's RFC finding, which was already restrictive in scope. Accordingly, the ALJ's decision must stand since it was supported by substantial evidence and decided under the proper legal standards.

"The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). When an ALJ's decision is based on substantial evidence, it is not subject to

reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 639 F.3d 709, 713 (6th Cir. 2012). The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination that Vance has the ability to perform light work with restrictions. Accordingly, the ALJ's decision must stand since it is supported by substantial evidence.

To the extent that Vance argues that the ALJ erred in his finding that he could occasionally balance (DE 14 at 6-7), but could perform a range of light work—which involves "a good deal of walking or standing," 20 C.F.R. § 404.1567(b), the Commissioner argues that "[h]e cites the POMS out of context." (DE 18 at 9). The Program Operations Manual Systems (POMS) defines balancing as:

> Maintaining body equilibrium to prevent falling when walking, standing, crouching or running on narrow, slippery, or erratically moving surfaces or while performing gymnastic feats.
> …
> Examples of occupations requiring:
>
> - — **constant** balancing would be Net Fisher, Railroad Cook, Wire walker, Acrobat.
> - — **frequent** balancing would be Acrobatic Rigger, Electric Power Line Examiner, and Street Light Cleaner.

POMS at DI 25001.001(A)(5).[1] The Commissioner states that the agency views balancing as "a term of art" [that is] … used to denote activities such as standing and walking when required on dangerous surfaces or while performing "'gymnastic feats.'" (DE 18 at 9).

Here, the ALJ reasonably concluded that Vance could perform a range of light work that involved only occasionally performing most postural activities, and notably here, occasional balancing. In doing so, the ALJ found that Plaintiff was limited, but not disabled, by his impairments. The fact that the ALJ included occasional balancing does not interfere with his ability to perform light work. *See, e.g.*, *Dawson v. Comm'r of Soc. Sec.*, 468 F. App'x 510, 514 (6th Cir. 2012) (affirming ALJ's decision which relied on vocational expert testimony regarding individual "who was limited to exertional requirements of medium work" and "could only occasionally balance, stoop, kneel, and crouch"); *Goldsby v. Sec., Dept. of Health and Human Servs.*, 1986 WL 16712, at *1 (6th Cir. Mar. 6, 1986) (affirming ALJ decision finding that although plaintiff could only occasionally climb, balance, stoop, kneel,

---

[1] The Program Operations Manual System, otherwise known as "the POMS," is used internally by employees of the SSA in evaluating Social Security claims and does not have the force and effect of law. *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) (citing *Powderly v. Schweiker,* 704 F.2d 1092 (9th Cir. 1983)). *See* https://secure.ssa.gov/poms.nsf/lnx/0425001001 (last visited Nov. 22, 2021).

crouch, and crawl, he could still perform a "wide range of medium work").

Finally, the ALJ was reasonable and careful in asking the vocational expert about light jobs existing in the national economy, which accounted for Vance's background and physical limitations. The hypothetical questions posed to the vocational expert at the hearing fairly portrayed Vance's limitations as supported by objective evidence. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *see also Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (noting that it is "well established" that an ALJ need "incorporate only those limitations accepted as credible by the finder of fact" into hypothetical questions asked of a vocational expert). As the Commissioner correctly concluded, none of the occupations identified by the vocational expert requires any balancing. (DE 18 at 10).

Vance's arguments are wholly speculative and unsupported by any evidence. The Court is not tasked with reweighing evidence on substantial evidence review. The ALJ was reasonable in crafting Vance's RFC and was careful to ask the vocational expert about light jobs existing in the national economy that accounted for his limitations. Therefore, the Court finds that the ALJ properly accepted the vocational expert testimony, and the testimony was not inconsistent with the agency's own rules and regulations.

For all these reasons, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for summary judgment (DE 14) is **DENIED**;

(2) Defendant's motion for summary judgment (DE 18) is **GRANTED**;

(3) A judgment will be entered contemporaneously with this order.

This the 23rd day of November, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge